IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE EARL ROBINSON (TDCJ No. 341754), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-2258-N-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joe Earl Robinson, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254, challenging a decision to deny him mandatory supervised release. *See* Dkt. No. 3. For the reasons explained below, the habeas application should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Robinson's right to fully exhaust his state court remedies.

**Applicable Background**

Robinson has previously filed habeas applications in this Court. *See, e.g., Robinson v. Stephens*, No. 3:14-cv-1640-B, 2015 WL 8488589 (N.D. Tex. Oct. 28, 2015). But the current application concerns new ground for him – a decision to deny his request, made earlier this year, for mandatory supervised release as to the 99-year sentence he received in 1982 after being convicted of burglary of a habitation. *See*

-1-

*generally* Dkt. No. 3. Robinson contends that, because he has served more than 34 years of that sentence, he should be released. *See id.* at 6-7. But it is clear from the face of his petition that he has failed to first present this claim to the state courts. *See id.* at 3-5.

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Like habeas claims concerning convictions and sentences, habeas claims based on a denial of release to mandatory supervision must be presented first to the CCA. *See Wilson v. Stephens*, Civ. A. No. H-15-1802, 2015 WL 5880859, at *2 (S.D. Tex. Oct. 7, 2015) ("The Texas Court of Criminal Appeals has held that a state habeas corpus

application under Article 11.07 of the Texas Code of Criminal Procedure is an appropriate vehicle to challenge an adverse decision regarding mandatory supervision." (citing *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000); *Ex parte McGee*, 962 S.W.2d 49 (Tex. Crim. App. 1998) (per curiam)); *see, e.g., Major-Davis v. Stephens*, Civ. A. No. H-15-2373, 2015 WL 5093237, at *3 (S.D. Tex. Aug. 28, 2015) ("State court records reflect that Davis has filed several habeas corpus applications ... , but that no such applications were filed within the last year. To the extent that Davis claims that he was denied release on mandatory supervision in April of 2015, the [CCA] has not yet had an opportunity to address this claim. Because this state process remains available, Davis does not satisfy any statutory exception to the exhaustion doctrine. Because Davis has not yet exhausted available state court remedies, the claim concerning his eligibility for release on mandatory supervision will also be dismissed without prejudice." (citation omitted)).

Similarly, records from the CCA available online reflect that the last state habeas application it considered from Robinson was filed in 2014. *See Ex parte Robinson*, WR-80,057-03 (Tex. Crim. App. Feb. 26, 2014).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions

> prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Accordingly, Robinson has not afforded the state courts (including the CCA, as the applicable highest state court) the first opportunity to address the substance of the claims he now raises in this Court. He therefore has failed to exhaust state court remedies in a procedurally correct manner, and his amended Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

### Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Robinson's 28 U.S.C. § 2254 habeas application without prejudice to his right

to fully and properly exhaust state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE